Innovative Concepts & Design, LLC v AL Infinity, LLC (2022 NY Slip Op 01122)





Innovative Concepts & Design, LLC v AL Infinity, LLC


2022 NY Slip Op 01122


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Index No. 650962/20 Appeal No. 14869-14869A Case No. 2021-00564, 2021-01284 

[*1]Innovative Concepts and Design, LLC, Plaintiff-Appellant,
v
AL Infinity, LLC, Defendant-Respondent.


Lazar Grunsfeld Elnadav, LLP, Brooklyn (Gerald "Gerry" Grunsfeld of counsel), for appellant.
Katsky Korins, LLP, New York (Elan R. Dobbs of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered November 4, 2020, which granted defendant's motion to dismiss the complaint, and order, same court and Justice, entered on or about February 16, 2021, which, to the extent appealed from, denied plaintiff's motion to renew, unanimously affirmed, without costs.
In this licensing dispute, plaintiff Innovative Concepts and Design, LLC manufactures and sells audio equipment, and defendant AL Infinity, LLC is the owner of the Altec Lansing brand of audio equipment and associated trademarks. In 2016, defendant entered into a licensing agreement with plaintiff that gave plaintiff the exclusive right to manufacture and sell specified products using the trademarks. The products were described as DJ Pro Audio Speakers and Turntables including, among other products, Trolley & Tailgate Speakers and Bluetooth and Wi-Fi DJ Speakers. The complaint alleges that at the time plaintiff entered into the agreement, it was aware that another company, Sakar, also had a license with defendant to sell certain types of speakers, but plaintiff was not concerned because it understood Sakar to sell small, hand-held speakers.
Plaintiff's license agreement included a dispute resolution clause, in which plaintiff acknowledged that "due to the nature of the industry, precise definition of products is sometimes not possible"; provided defendant with the "sole and absolute discretion" to resolve disputes as to whether a particular product fell within the license of one licensee or another; and further provided that defendant's determination shall be "conclusive and binding on all parties." According to the complaint, in 2017 and 2018, plaintiff became aware that Sakar was marketing products that plaintiff believed were covered by its exclusive license. Plaintiff raised this issue with defendant, but ultimately defendant, under its authority pursuant to the agreement to resolve licensing disputes, found in all instances that the products did not infringe upon plaintiff's exclusive license. In resolving the dispute, defendant's determination set out the minimum dimensions for licensed products permissible for plaintiff's license and maximum dimensions permissible for the Sakar license.
Plaintiff commenced this action for breach of contract and fraud, alleging that although defendant had granted it an exclusive license to sell certain speakers, it had entered into a conflicting license agreement with Sakar where it also granted Sakar many of the same exclusive rights. Defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, arguing that the dispute resolution provision in the parties' agreement gave it the right to resolve the scope of the license dispute, in its absolute and sole discretion, and that the fraud claim was duplicative of the contract claim. The motion court dismissed both claims, concluding that they were barred by the dispute resolution clause, and noting that plaintiff [*2]had not alleged that defendant's discretion was exercised in bad faith to enrich itself at the expense of plaintiff. Plaintiff then moved for renewal based on purported newly discovered evidence and leave to amend the complaint to assert new causes of action for unjust enrichment and breach of the implied covenant of good faith. That motion was denied.
We agree with the motion court that plaintiff's breach of contract claim based upon its allegation that defendant issued conflicting exclusive license agreements to plaintiff and Sakar is barred by the dispute resolution clause. The licenses are not conflicting on their face. As for any dispute over the scope of the licenses, the parties' agreement contemplates that the precise definition of products is not always possible, and specifies that defendant will resolve disputes over such definitions in its sole discretion. In accordance with the dispute resolution clause, defendant determined that plaintiff has a license to produce speakers deemed by defendant to fit within the "DJ Pro Audio Speakers and Turntables" category. Thus, defendant simply exercised the authority given to it under the agreement (see Seeking Valhalla Trust v Deane, 182 AD3d 457, 458 [1st Dept 2020], lv denied 36 NY3d 904 [2020]).
Plaintiff's fraud claim, which is precluded by the dispute resolution clause (see Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]), is also duplicative of the contract claim (see MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114 [1st Dept 2018]).
The motion court's denial of the renewal motion is affirmed. Even were we to accept, as did the motion court, plaintiff's dubious assertion that it had recently learned of some newly discovered evidence to support a claim based on a violation of the implied covenant of good faith, on this appeal plaintiff has raised an argument that is inconsistent with the legal analysis upon which it premised its renewal motion. We decline to reach that argument, as well as plaintiff's unpleaded claims, raised for the first time here (see Cambridge Invs. LLC v Prophecy Asset Mgt., LP, 188 AD3d 521, 521 [1st Dept 2020], lv denied 37 NY3d 906 [2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022