AL Infinity LLC v Innovative Concepts & Design, LLC (2024 NY Slip Op 05475)

AL Infinity LLC v Innovative Concepts & Design, LLC

2024 NY Slip Op 05475

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 652945/20 Appeal No. 2967 Case No. 2023-05620 

[*1]AL Infinity LLC, Plaintiff-Respondent-Appellant,
v
Innovative Concepts and Design, LLC, Defendant-Appellant-Respondent.

Lazar Grunsfeld Elnadav, LLP, Brooklyn (Gerry Grunsfeld of counsel), for appellant-Respondent.
Katsky Korins LLP, New York (Elan R. Dobbs of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered May 16, 2023, which granted plaintiff's motion for partial summary judgment to the extent of awarding summary judgment on liability to plaintiff with respect to its first, third, fourth, and seventh causes of action, and denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to award damages in the principal amount of $960,000, plus contractual interest of 18% from January 1, 2020, to plaintiff on the first and fourth causes of action, and to award damages in the principal amount of $100,000, plus contractual interest of 18% from January 1, 2020, to plaintiff on the third cause of action, the matter remanded for calculation of the proper amount of interest owing on both awards, and otherwise affirmed, without costs.
Res judicata (claim preclusion) bars defendant's rescission defense, which is based on fraudulent inducement and material breach. As to fraudulent inducement, defendant brought a prior action in Supreme Court based primarily on its affirmative claims that plaintiff had materially breached the parties' license agreement, and that it was entitled to damages for those breaches. Although it did not assert an affirmative claim for fraudulent inducement of the renewal agreement (nor did it seek damages based on rescission), defendant could have raised a fraudulent inducement claim in the prior action. As to material breach, the prior action was based on defendant's claims of material breach of the underlying agreements, and Supreme Court dismissed the action with prejudice, which this Court affirmed (Innovative Concepts & Design, LLC v AL Infinity, LLC, 202 AD3d 594 [1st Dept 2022]). Defendant's current assertions of material breach were raised or could have been raised previously, and the application of res judicata does not require that Supreme Court directly rule on each assertion of material breach.
Defendant's rescission defenses also fail on the merits, as defendant does not establish a factual issue as to reasonable reliance (see Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 277 [1st Dept 2005]). Defendant's fraudulent inducement affirmative defense is based on its assertion that if it had known that plaintiff would impose size restrictions on its licensed products category or prohibit it from selling its best-selling speaker, it would not have signed the renewed license agreement. However, in an arm's-length transaction, defendant acknowledged and agreed in the renewed license agreement that the license agreement's terms were to remain in full force and effect, including a clause that allowed plaintiff, in its "sole and absolute discretion," to resolve product disputes by imposing size restrictions and directing defendant not to produce or sell products. When defendant signed the renewal agreement, it was on notice that size restrictions on defendant's licensed products might well be an issue in the [*2]future, because those restrictions had been an issue in the past. Indeed, the issue had been resolved against defendant. Thus, defendant cannot now be heard to complain that it was fraudulently induced to enter the renewal agreement.
Supreme Court also properly awarded summary judgment on liability to plaintiff on its seventh cause of action for its attorneys' fees with respect to the earlier lawsuits. Defendant does not dispute that it breached the sole and absolute discretion clause when it brought the prior action in the Supreme Court, as well as a related action in federal court, rather than allowing plaintiff to resolve such disputes out of court. Plaintiff's attorneys' fees in the federal action and the prior action were a direct consequence of defendant's breach of the sole and absolute discretion clause. There is no bar to plaintiff recovering these consequential damages from defendant's breach of contract.
Further, under the parties' guaranty, defendant agreed that it would indemnify plaintiff for "all expenses (including attorneys' fees and disbursements) incurred by [plaintiff] in connection with (a) a default by [defendant] under the [License] Agreement and (b) the enforcement or attempted enforcement of this Guaranty." Because defendant defaulted under the parties' agreements by filing the federal action and the prior action, plaintiff is entitled to attorneys' fees incurred in connection with these defaults. Plaintiff will not be precluded from asserting affirmative claims for attorneys' fees in this action, particularly since it had no opportunity to bring counterclaims for attorneys' fees in the prior actions (see e.g. Caracaus v Conifer Cent. Square Assoc., 158 AD3d 63, 67-69 [4th Dept 2017]).
However, plaintiff should have been awarded damages on the first and fourth causes of action. Although Supreme Court properly granted plaintiff summary judgment as to liability, it improperly found that issues of fact relating to mitigation precluded it from awarding judgment to plaintiff on damages arising from those two causes of action, which both asserted causes of action for breach of contract. Because the guaranteed minimum royalties (GMR) of $720,000 and the minimum marketing expenditures (MME) of $240,000 (for a total amount of $960,000) represented the minimum benefit to plaintiff under the renewed license agreement, these amounts were reasonable and proportional as a matter of law, and plaintiff was entitled to $960,000 as liquidated damages upon defendant's breach.
As to the acceleration clauses, plaintiff has established that those clauses were proper liquidated damages provisions rather than penalties (see Truck Rent-A-Center, Inc., v Puritan Farms 2nd, Inc., 41 NY2d 420, 424 [1977]). Not only did the parties agree that "the unpaid balance of [defendant's] GMR for each and every Contract Year" would "accelerate and become immediately due and payable" to plaintiff in the event of breach, and that defendant would be obligated [*3]to pay "the MME under th[e] [Licensing] Agreement . . . that would have occurred from and after the date of termination but for such termination," but they specifically agreed that these amounts would be construed "as liquidated damages and not as a penalty." Defendant also knew — despite agreeing to these minimum amounts — that plaintiff had the "sole and absolute discretion" to retract the scope of its license at any time. Thus, in determining that plaintiff's license agreements with third parties might offset these amounts, Supreme Court impermissibly rewrote the parties' agreement, which was unambiguous on its face (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380 [2005]).
Further, courts applying New York law have treated similar provisions — that is, licensing agreements that provide for stipulated guaranteed minimum royalty payments that accelerate on breach — as enforceable as written and for the amount set forth, without regard to mitigation, setoff, or other postbreach developments (see e.g. Honeywell Intl Inc. v Northshore Power Sys. LLC, 32 Misc 3d 1223[A] [Sup Ct, NY County 2012], affd 96 AD3d 581 [1st Dept 2012]; see also Body Glove IP Holdings, LP v Exist, Inc., 2023 WL 3568955, *3-5, 2023 US Dist LEXIS 86984, *17 [SD NY May 17, 2023, No. 21 Civ. 01181 (JLR)]; Oscar de la Renta, Ltd. v Mulberry Thai Silks, Inc., 2009 WL 1054830 *7, 2009 US Dist LEXIS 33221, *20 [SD NY April 17, 2009, No. 08 Civ. 4341 (RJS)]).
Finally, Supreme Court properly determined that defendant breached the agreements and was liable on the third cause of action, also asserting a cause of action for breach of contract, for its failure to participate in the 2020 Consumer Electronics Trade Show and to fund its pro-rata share of expenses. However, Supreme Court should have awarded damages on that cause of action. The record evidence establishes that defendant was obligated to pay $100,000 for the 2020 Consumer Electronics Trade Show, and neither party contests that defendant failed to do so. The only colorable defense that defendant offered was that it was entitled to terminate the agreements because of plaintiff's alleged fraud and breaches of contract, and Supreme Court properly rejected this defense. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024